PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2001 Jeep Grand Cherokee and her 2005 Dodge 1500 truck were damaged as a result of traveling on County Route 44 in Leon, Mason County. County Route 44 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incidents giving rise to this claim occurred around November 9,2008; December 16, 2008; February 17, 2009; and March 8, 2009. The speed limit on County Route 44 is 25 miles per hour. Although Claimant drives between five and ten miles per hour on County Route 44, she has been unable to avoid striking the holes with her vehicles due to the numerous holes on this road. Claimant lives off of County Route 44 and must take County Route 44 in order to leave her residence. As a result of these incidents, her vehicles have sustained damage in the amount of $1,081.91.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 44 at the time of the incident. Brian Herdman, Highway Administrator for Respondent in Mason County, testified that he was the Crew Supervisor for Respondent in Mason County at the time of this incident. He stated that County Route 44 is a tar and chip road, and it is a third priority in terms of its maintenance. County Route 44 does not fall within Respondent’s Core Maintenance Plan, but it is a school bus route. According to Respondent’s DOH12s, records of its daily work activities, Respondent had maintained County Route 44 on May 9, 2008; May 14, 2008; May 21, 2008; October 29, 2008; November 7, 2008; and November 17, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the holes which Claimant’s vehicle struck and that the holes presented a hazard to the traveling public. Since there were numerous holes on the road and County Route 44 is a school bus route, the Court finds Respondent negligent in its maintenance of this road. Thus, Claimant may make a recovery for the damage to her vehicle.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $1,081.91.
Award of $1,081.91.